**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|   |   |   |
|---|---|---|
| CARL KOYI, | : | |
| Plaintiff, | : | Civil Action No. 19-15605 (MAS) (ZNQ) |
| v. | : | **MEMORANDUM AND ORDER** |
| COUNTY OF MONMOUTH, et al., | : | |
| Defendants. | : | |

This matter has come before the Court on a civil rights Complaint filed by Plaintiff Carl Koyi pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) Because Plaintiff is proceeding *in forma pauperis*, the Court is required to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit.

The Court has screened the Complaint for dismissal and determined that Plaintiff's claims for excessive force, First Amendment retaliation, and violation of his right to Equal Protection under the Fourteenth Amendment against CO McMemene and the CO Does 1–25; and his claim for inadequate medical treatment against Dr. Doe shall proceed past screening. Plaintiff's claims against the County of Monmouth and the Monmouth Jail Medical Company Doe ("Medical Company"), however, will be dismissed without prejudice.

Plaintiff brings a claim against the County of Monmouth for its alleged failure to train, discipline, or supervise officers at the Monmouth County Correctional Institute. (*See* Compl. 5.) To state a claim against a municipality for failure to train, supervise, or discipline officers, a

plaintiff must show that the municipality's failure to train, supervise, or discipline "constituted deliberate indifference" to violations of constitutional rights. *Adams v. City of Atl. City*, 294 F. Supp. 3d 283, 304 (D.N.J. 2018). To demonstrate deliberate indifference, a plaintiff will ordinarily need to show "[a] pattern of similar constitutional violations by untrained employees." *Id.* (alteration in original) (quoting *Thomas v. Cumberland Cty.*, 749 F.3d 217, 223 (3d Cir. 2014)); *see also Harvey v. Cty. of Hudson*, No. 14-3670, 2015 WL 9687862, at *10 (D.N.J. Nov. 25, 2015) (noting that in a failure to discipline claim, a plaintiff must "show both contemporaneous knowledge of the offending incident[,] or knowledge of a prior pattern of similar incidents[,] and circumstances under which the supervisor's actions or inaction could be found to have communicated a message of approval to the offending subordinate" (alterations in original) (quoting *Baldani v. Twp. of Millburn*, No. 07-4792, 2008 WL 4512939, at *5 (D.N.J. Sept. 29, 2008))). Plaintiff's allegations against the County of Monmouth are limited to the conclusory statement that officers at the Monmouth County Correctional Institute have "beaten inmates on regular occasions, and the County of Monmouth has done nothing to retain, discipline, or supervise these officers. Officers are permitted to use excessive force and are not disciplined." (Compl. 5.) This vague and conclusory statement is insufficient to state a claim for municipal liability for failure to train, supervise, or discipline officers. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court additionally construes the Complaint to allege a supervisory liability claim against the Medical Company based on Plaintiff's allegation that "[t]he jail medical service regularly engages in coverups saying nothing is wrong with severely beaten inmates." (Compl. 5.) The Court infers that the Complaint seeks to hold the Medical Company liable for the conduct of its employees, *i.e.*, those who have allegedly engaged in covering up inmate injuries. It is well-established that supervisors are generally not vicariously liable for their subordinates' acts.

*See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). A claim for supervisory liability is permitted to proceed, however, if the supervisors: (1) "established and maintained a policy, practice or custom which directly caused the constitutional harm"; or (2) "they participated in violating plaintiff's rights, directed others to violate them, or, as the persons in charge, had knowledge of and acquiesced in their subordinates' violations." *Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016). The allegations contained in the Complaint fail to demonstrate that employees who "covered up" injuries acted pursuant to a policy, practice or custom of the Medical Company or that the Medical Company participated in the alleged "cover up" of inmate injuries. Absent these critical allegations, Plaintiff fails to state a claim upon which relief may be granted against Monmouth Jail Medical Company Doe.

**IT IS** therefore on this __18th__ day of November, 2019,

**ORDERED** that Plaintiff's claims of excessive force, First Amendment retaliation, violation of his right to equal protection, and inadequate medical care shall **PROCEED**; Plaintiff's claims against the County of Monmouth and the Monmouth County Jail Medical Company Doe are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim upon which relief may be granted; to the extent Plaintiff wishes to file an amended complaint to address the deficiencies identified herein, he may do so in accordance with all federal and local rules;

**ORDERED** that the Clerk shall mail to Plaintiff a transmittal letter explaining the procedure for completing a United States Marshal ("Marshal") 285 Form ("USM-285 Form");

**ORDERED** that once the Marshal receives the USM-285 Forms from Plaintiff and the Marshal so alerts the Clerk, the Clerk shall issue Summons in connection with each USM-285 Form that has been submitted by Plaintiff, and the Marshal shall serve a Summons, the Complaint,

and a copy of this Order on the address specified on each USM-285 Form, with all costs of services advanced by the United States;[1]

**ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), Defendants shall file and serve an answer, *see* Fed. R. Civ. P. 12(a)(1)(A);

**ORDERED** that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel;

**ORDERED** that, if at any time prior to the filing of a notice of appearance by any defendant, Plaintiff seeks the appointment of pro bono counsel or other relief, pursuant to Fed. R. Civ. P. 5(a) and (d), Plaintiff shall (1) serve a copy of the application by regular mail upon each party at his or her last known address and (2) file a Certificate of Service; and it is further

**ORDERED** that the Clerk shall serve upon Plaintiff a copy of this Order by regular U.S. mail.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

_____

[1] Alternatively, the Marshal may notify Defendants that an action has been commenced and request that each Defendant waive personal service of a summons under Federal Rule of Civil Procedure 4(d).